## Appeal of FIRST NATIONAL BANK OF KULM.

Docket No. 4050.   Decided July 22, 1926.

Where a taxpayer, reporting income on the basis of cash receipts and disbursements, enters into an agreement by the terms of which the actual payment to it of interest is deferred to the succeeding taxable year, *held*, that the interest so paid is income to it in the year in which received.

*Jesse I. Miller, Esq.*, for the petitioner.
*Lee I. Park, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, LOVE, and GREEN.

The Commissioner has determined a deficiency in income and profits tax for the year 1921 in the sum of $812.73.   The error alleged in the petition is "that the Commissioner has included in the taxpayer's net income for the year 1921 an amount of income representing interest on loans, which is in law and fact income for the year 1920."

### FINDINGS OF FACT.

The taxpayer is a national bank, organized under the laws of the United States, with its principal place of business in Kulm, N. Dak. It was during the year 1920 conducting a general banking business. Sometime in November of that year it entered into an agreement with the La Moure County Bank for the consolidation of the two banks, which was to become effective January 3, 1921.   The taxpayer bank had outstanding certain loans, which matured subsequent to the making of the agreement above referred to and prior to the effective date of the consolidation.   As to these loans, it was agreed between the parties to the consolidation that, in so far as it was possible, such loans would not be renewed by the taxpayer bank but would be continued in their then condition until after the consolidation, it being the thought of both that such an arrangement would be to the advantage of the consolidated banks.   The parties have stipulated that interest on such loans in the sum of $4,898.58 accrued during that period and would have been paid in the year 1920 except for the agreement and arrangement above referred to.   It was provided in the consolidation agreement that this interest, when collected for the taxpayer, should be paid to its stockholders.

The taxpayer has at all times filed its income-tax return and, except as hereinafter noted, kept its books upon the basis of cash receipts and disbursements.   On December 31, 1918, in accordance with the regulations of the Comptroller of Currency, the taxpayer altered its system of accounting and thereafter accrued daily the interest on notes, bonds, warrants and other securities.   The interest collections

on each day were deducted from this amount and the balance remaining was credited to an account wherein was set out the earned but uncollected interest, and at the same time an appropriate entry was made in the daily statement book on both the liability and asset side of the account. Except for the accrual of interest, there was no change in the method of accounting.

When the interest thus accrued was actually paid to the consolidated bank, the amount thereof was credited to the accounts of the stockholders of the taxpayer. The interest thus collected at all times remained the property of such stockholders and they merely used the consolidated bank as an instrumentality for the collection thereof.

The income-tax return for the year 1920, as filed by the taxpayer, showed a net loss. In its return for 1921 it sought to deduct the net loss alleged to have been sustained in 1920. The Commissioner refused to permit the deduction and determined a deficiency. The taxpayer now contends that the interest which it accrued on its books in 1920, the payment of which was deferred by the agreement above referred to, and which it reported as income for 1921, was not income to it in that year and that it should have been reported and treated as income for the year 1920.

OPINION.

GREEN: Section 212(b) of the Revenue Act of 1918 reads as follows:

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

In the *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460, we said:

In income taxation there are two recognized methods of accounting employed to reflect income; one called the cash receipts and disbursement basis in which income is reported when either actually or constructively received, and the other known as the accrual basis, in which income is reported when due, in the sense of owing, although it may be payable in the future.

In the *Appeal of The Bank of Hartsville*, 1 B. T. A. 920, it is said:

We held in *Appeal of Chatham & Phoenix National Bank*, 1 B. T. A. 460, that, where the books of account of a taxpayer are kept on the basis of cash receipts and disbursements, discount on time loans not received within the

taxable year does not constitute income for that year. If the Commissioner was correct in holding that this taxpayer kept its books of account on a cash basis, the determination of the deficiency is incorrect.

We have found as a fact that this taxpayer kept its books upon the basis of cash receipts and disbursements, and this is true even though, pursuant to the regulations of the Comptroller of the Currency, the unearned interest was accrued, since, so far as the evidence discloses, no other items were accrued. There is no difference between " discount on time loans not received within the taxable year " and interest not received within the taxable year. The rule announced in the *Bank of Hartsville appeal, supra*, is controlling. The taxpayer, being upon the basis of cash receipts and disbursements, properly returned its income on that basis, and, having so properly returned its income, should not be permitted now to change its method of reporting income to an accrual basis.

There is nothing in the evidence to indicate that there was in 1920 a constructive receipt of the interest, the payment of which was deferred by agreement. The stipulation is that this interest " would have been paid," but in the deposition the word used is " collected." It is apparent that counsel, when they stipulated, did not intend their language to be determinative of any question of constructive receipt. This case is not within the rule laid down in the *Appeal of Clarence Schock*, 1 B. T. A. 528. In that case the partners were on the accrual basis and actually had the funds within their control. Here the bank is on the cash basis and the interest was uncollected, and it was contemplated that a portion of it would not be collected but would be added to the principal of the renewal notes

*Judgment for the Commissioner.*