*318 OPINION.
Geeen
: Section 212(b) of the Revenue Act of 1918 reads as follows:
(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer’s annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.
In the Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460, we said:
In income taxation there are two recognized methods of accounting employed to reflect income; one called the cash receipts and disbursement basis in which income is reported when either actually or constructively received, and the other known as the accrual basis, in which income is reported when due, in the sense of owing, although it may be payable in the future.
In the Appeal of The Bank of Hartsville, 1 B. T. A. 920, it is said:
We held in Appeal of Chatham & Phoenix National Bank, 1 B. T. A. 460, that, where the books of account of a taxpayer are kept on the basis of cash receipts and disbursements, discount on time loans not received within the *319 taxable year does not constitute income for that year. If the Commissioner was correct in holding that this taxpayer kept its books of account on a cash basis, the determination of the deficiency is incorrect.
We Rave found as a fact that this taxpayer kept its books upon the basis of cash receipts and disbursements, and this is true even though, pursuant to the regulations of the Comptroller of the Currency, the unearned interest was accrued, since, so far as the evidence discloses, no other items were accrued. There is no difference between “ discount on time loans not received within the taxable year ” and interest not received within the taxable year. The rule announced in the Bank of Hartsville appeal, supra, is controlling. The taxpayer, being upon the basis of cash receipts and disbursements, properly returned its income on that basis, and, having so properly returned its income, should not be permitted now to change its method of reporting income to an accrual basis.
There is nothing in the evidence to indicate that there was in 1920 a constructive receipt of the interest, the payment of which was deferred by agreement. The stipulation is that this interest “ would have been paid,” but in the deposition the word used is “ collected.” It is apparent that counsel, when they stipulated, did not intend their language to be determinative of any question of constructive receipt. This case is not within the rule laid down in the Appeal of Clarence Schock, 1 B. T. A. 528. In that case the partners were on the accrual basis and actually had the funds within their control. Here the bank is on the cash basis and the interest was uncollected, and it was contemplated that a portion of it would not be collected but would be added to the principal of the renewal notes

Judgment for the Commissioner.