*308 OPINION.
Littleton:
Sarah Amanda McFadden became vested with a life interest in certain coal royalties as residuary legatee, through the will of her husband, who died March 4, 1895. During 1920 there accrued to her in the hands of the trustee coal royalties in the sum of $19,709.12, of which $15,541.63 was paid direct to her by the trustee, and the balance, $4,167.49, was paid to her children in accordance with an agreement which she made with them, as herein-before set forth.
It is insisted in behalf of petitioner that the amounts paid to the children, pursuant to the agreement of May 23, 1917, should not be taxed to her, as has been determined by the Commissioner.
In considering this question it is well to observe carefully the wording of the agreement entered into by the petitioner and her children, which, among other things, provides:
Sarah Amanda McFadden hereby assigns, transfers and. sets over unto John W. McFadden, Charles McFadden, Jr., and Irene McF. Winder, in equal shares, free and clear of their debts as hereinafter set forth, all of her right, title and interest in and to the rents and royalties paid, to her as income from the residuary estate of Charles McFadden, deceased, by the Pennsylvania Company for Insurance on Lives and Granting Annuities, Trustee under the Will of Charles McFadden, deceased, out of or from the following described leases. * * * (Italics supplied.)
The assignment or transfer relied on appears to have been made as a voluntary act on the part of petitioner and without any legal obligation on her part to make the same, and she expressly retained the right to modify or revoke in whole or in part, at any time by notice in writing to that effect delivered to the trustee, the aforesaid agreement or assignment.
It was in the power of petitioner to dispose of her income as she desired, and to confer it as a gift, in whole or in part, upon whom she chose, but her action in so doing would not alter the fact that the source of such income or royalties was the trust corpus of which she was the life tenant and to whom flowed the entire net income, even though at her direction a designated portion thereof was to be paid to others.
In Bing v. Bowers, 22 Fed. (2d) 450, the District Court for the Southern District of New York, in its decision, used the following language:
To permit the assignor of future income from his own property to escape taxation thereon by a gift grant in advance of the receipt by him of such income would by indirection enlarge the limited class of deductions established by statute. As long as he remains the owner of the property, the income therefrom should be taxable to him as fully, when he grants it as a gift in advance of its receipt, as it clearly is despite a gift thereof immediately after its receipt.
*309 In Samuel v. Woods, 5 B. T. A. 413, 415, this Board, in its opinion, stated:
Is the mere order by a property owner to his lessee to pay part of the' rent or royalties to his wife or daughter, upon which the lessee acts, enough to take the income thus diverted out of the taxable income of the owner? So far as appears from the facts stipulated, there was no legal obligation to the wife and daughter at the base of the arrangement, and in the Meadowville and Lee Collieries leases the payment was “until otherwise ordered by” petitioner. Even if, under the local law of any litigation which might be founded on these leases, these designated payees might as third parties beneficiary enforce payment from the lessee directly to them, this would not prove that the owner had no interest in the amount or that it was not his income. Rensselaer & Saratoga R. R. Co. v. Irwin, 249 Fed. 726. This decision, which the Supreme Court refused to review, 246 U. S. 671, held that where the lessor had contracted away its right to receive rent and gave its stockholders a direct claim against the lessee, the rent was nevertheless taxable as income of the lessor. It is clearly authority for taxing the owner in this case where, so far as the record shows, he merely designates another to receive during his pleasure. Conceded that he did not have actual possession of the amount so paid, possession is not the determining fact of income even on the cash receipts basis. * * *
In Ormsby McKnight Mitchel, 1 B. T. A. 143, 149, this Board said:
* * * The income from taxpayer’s interest in the partnership is first income to him, and no matter how he tries to dispose of it or does dispose of it, it is taxable to him as income from his interest therein. * * * If the contention made should prevail, the taxing law would be a nullity and an act of Congress imposing taxes made impotent at the will of the taxpayer. If he can escape taxation on one-half the profits of the partnership by agreement, there is no reason why, by another agreement, he can not escape taxation on the other half; and if this taxpayer can do so there is no end to the agreements which may be made, and income as such will cease*to be an object of taxation.
In Blalock v. Georgia Ry. & Electric Co., 246 Fed. 387; Anderson v. Morris & Essex R. R. Co., 216 Fed. 83; West End Street Ry. Co. v. Malley, 246 Fed. 625; Houston Belt & Terminal Ry. Co. v. United States, 250 Fed. 1; Boston Terminal Co. v. Gill, 246 Fed. 664; and Hamilton v. Kentucky & Indiana Terminal R. R. Co., 289 Fed. 20, there appeared to have been legally binding agreements, yet, notwithstanding such agreements, it was held that the income was taxable to the assignor. See also Julius Rosenwald, 12 B. T. A. 350; 33 Fed. (2d) 423, holding that the Commissioner committed no error in taxing as income to Rosenwald the royalties paid to the children.
Reviewed by the Board.

Judgment will be entered under Rule 50.