REBEKAH C. SCHOONMAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92022.   Promulgated February 24, 1939.

*Joseph G. Robinson, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

**OPINION.**

BLACK: The precise issue raised by petitioner's assignment of error (a) has not, so far as we are advised, been passed upon by the Board or the courts. The Commissioner has ruled upon the question in I. T. 3011 XV-2, C. B. 132 (1936). The substance of that ruling appears in its headnote:

Interest accrued on bonds prior to donation to a trust is income taxable to the settlor and not to the beneficiaries even though the settlor returns his income on the cash receipts and disbursements basis.

Petitioner points out in her brief that prior to 1934 an analogous question frequently arose in dealing with decedent's estates. It was not unusual for a taxpayer to die owning bonds on which there was unmatured interest to the date of death. Petitioner refers to the fact that in such a situation it was early held that such interest

was not taxable income to the decedent for the period up to the date of death when he was on the cash basis. *Antoinette B. Held, Executrix,* 3 B. T. A. 408; *Safe Deposit & Trust Co. of Baltimore* v. *United States,* 64 Ct. Cls. 697. See also Paul and Mertens, vol. 2, sec. 14.06; *First National Bank of Kulm,* 4 B. T. A. 317; and *Nichols* v. *United States,* 64 Ct. Cls. 241.

Petitioner points out that in the Revenue Act of 1934 Congress changed the law so as to require that there be included in the income of a decedent interest accrued on the date of death even though decedent was on the cash basis. In other words, Congress, by this change, required the income of the decedent up until the date of his death to be computed upon the accrued basis instead of upon the cash basis. See section 42 of the Revenue Act of 1934 and compare the same with section 42 of the Revenue Act of 1932. In recommending this change, the Senate Committee on Finance said in its report on the 1934 Act:

The courts have held that income accrued prior to the death of a decedent on the cash basis is not income to his estate, and under the present law, unless such income is taxable to the decedent, it escapes income tax altogether. Section 42 of the House Bill was so drawn as to require the inclusion in the income-tax return for the decedent of all items of income and deductions accrued up to the date of death regardless of the fact that the decedent may have kept his books on a cash basis.

Petitioner points out that no corresponding change has been made in any revenue act which makes such accrued unmatured interest taxable to a donor who has made a gift of bonds with unmatured interest coupons attached. Petitioner contends that there is absolutely no difference in the two situations. Petitioner contends that, if legislation was required to tax the unmatured interest on bonds owned by a decedent on the cash basis to the legal representative of the decedent owner for the period ending with his death, likewise, legislation will be required to tax a donor who is on the cash basis with interest unmatured and uncollected at the date of the gift.

We do not agree with petitioner that there is absolutely no difference between the two situations. We think there are some differences, and yet, for reasons which we shall presently discuss, we think that the legal consequences in so far as income taxes are concerned are the same in the two situations. An important difference in the factual situation is that where a taxpayer dies leaving unmatured coupons attached to bonds which he owns upon which there is a certain amount of accrued interest, the event of death is involuntary. He does not voluntarily put it out of his power to ever collect the interest. On the other hand, where a taxpayer makes a gift *inter vivos* of bonds with unmatured coupons attached, upon which there is a certain amount of interest accrued but not yet due, his parting

with the bonds with the accrued interest thereon is purely voluntary. Respondent lays much stress on this voluntary parting with the bonds. From it he argues that instead of making a gift of the bonds with the unmatured interest coupons thereto attached and therefore failing to collect the accrued interest thereon to the date of the gift, the petitioner could have sold the bonds and there would have been added to the total price received for the bonds, as such, the accrued interest of $12,048.86.

This would undoubtedly be true, and yet we do not think it proves respondent's case. The tax consequences following a gift *inter vivos* of bonds with unmatured interest coupons attached are entirely different from the tax consequences of a sale of such bonds with unmatured interest coupons attached. In the latter case the seller of the bonds receives the accrued interest in addition to the sale price of the face value of the bonds. He actually, in effect, collects his accrued interest in cash. In a gift *inter vivos* there is no realization of income. The only way that petitioner can be taxed with the $12,048.86 here involved is under the doctrine of constructive receipt, and it is for the application of that doctrine to the facts of the instant case that respondent argues.

The fundamental basis for the doctrine of constructive receipt was stated by the United States Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, when it said:

> The income that is subject to a man's unfettered command and that he is free to enjoy at his own option, may be taxed to him as his income, whether he sees fit to enjoy it or not.

A typical case of constructive receipt of interest is where the coupon on a bond has become due and payable, but is not collected. In such a case it is clear that the interest is subject to taxpayer's unfettered command (see *Nichols* v. *United States*, *supra*), and the Treasury regulations with reference to constructive receipt clearly apply. The Treasury regulations dealing with the subject of constructive receipt are printed in the margin.[1]

---

[1] Regulations 86—

ART. 42–2. *Income not reduced to possession.*—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. * * *

ART. 42–3. *Examples of constructive receipt.*—If interest coupons have matured and are payable, but have not been cashed, such interest, though not collected when due and payable, shall be included in gross income for the year during which the coupons mature, unless it can be shown that there are no funds available for payment of the interest during such year. The interest shall be included in gross income even though the coupons are exchanged for other property instead of eventually being cashed. * * *

It seems clear to us that the doctrine of constructive receipt, as defined in the quoted regulations and as announced by the Board and the courts in cases involving the doctrine of constructive receipt, does not embrace a situation such as we have in the instant case.

At the time the petitioner made the transfer of the bonds in question to the irrevocable trust for the use and benefit of her grandson, there were no matured interest coupons attached to the bonds which she could collect. She had no right to demand any of the interest which had accrued to the date of gift on the unmatured coupons. True, she could have sold the bonds, as respondent contends, instead of making the gift and in that way have collected the accrued interest, in which event she would have been taxable on income actually received, or, she might have kept the bonds until the coupons had matured and made the gift with matured interest coupons attached, in which event she would have been taxable with the matured interest under the doctrine of constructive receipt. But she did neither of these things, and tax consequences result from what a person does and not from what he might have done.

In the instant case, what petitioner did do was to make the gift of the bonds with the *unmatured* coupons attached, and in such a case we do not think the doctrine of constructive receipt applies. If Congress desires to tax as income the accrued but yet unmatured interest to a donor on the cash basis who makes a gift of bonds, it will have to amend the law as was done with respect to decedents who die the owners of bonds upon which there is accrued but unmatured interest at the time of death.

We decide assignment of error (a) in petitioner's favor. That being the case, in accordance with the stipulation,

> *Decision will be entered that there is a deficiency of $138.73.*