PAUL R. G. HORST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 90819, 93220.  Promulgated April 12, 1939.

*Harry H. Wiggins, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

---

758

**OPINION.**

HILL: There is only one question for determination, namely, whether the amounts collected in the respective years 1934 and 1935 on the coupons involved are taxable as income to petitioner. We think they are. It is true that we were reversed on a similar point in our decision in *Julius Rosenwald*, 12 B. T. A. 350, by the United States Circuit Court of Appeals for the Seventh Circuit, 33 Fed. (2d) 423. The court assigned as the basis for such reversal that the severance and delivery of the coupons before maturity constituted a completed gift and hence the coupons were not taxable to the owners of the bonds from which they had been severed. We think our decision in that case was right and respectfully decline to follow the decision of the Circuit Court of Appeals on the point stated. Unquestionably the gift of the coupons in that case, as well as in the instant case, was a completed one, but it was, nevertheless, a gift of income. The severance and negotiation of an interest coupon does not change the character of the thing which it evidences and represents. That thing is interest on the bond from which the coupon was severed. Such interest is income derived from the bond, whether it be paid to the owner of the bond or to his donee or assignee. The owner of property which produces income is chargeable with such income for tax purposes regardless of whether he receives or enjoys the income. *Van Meter* v. *Commissioner*, 61 Fed. (2d) 817; *Bing* v. *Bowers*, 22 Fed. (2d) 450; affirmed *per curiam* (C. C. A., 2d Cir.), 26 Fed. (2d) 1017; *Ward* v. *Commissioner* (C. C. A., 9th Cir.), 58 Fed. (2d) 757.

In the *Van Meter* case, *supra*, the court said:

The Supreme Court has definitely determined that Congress has the power to tax the earner of income therefore, irrespective of whether it is paid to someone else. [Citing a number of cases.]

The "earner" of income is one whose personal efforts have produced it; who owns property which produced it or a combination of the two. Decisions of the Supreme Court have declared that the income statutes require taxation to the earner in each of the three above sources of income where the income was actually realized but never came to beneficial enjoyment by the earner. * * *

*       *       *       *       *       *       *

In determining who is taxable for an income, there are three considerations which may be of importance, to wit, who earns the income, who receives it, and who enjoys it. Where the same person earns, receives, and enjoys the income (the normal and usual situation), there is no difficulty. Where different persons earn, receive and/or enjoy the income, disputes occur. In determining such disputes, the vital matter is always the relation of the earner (whether a person, owner of property or combination of the two) of the income to the income so earned. The rule and intent of the taxing statutes is that the earner of income which he might and, normally, would receive and enjoy for himself is not relieved because he chooses not to receive or not to enjoy it, and this is not necessarily changed by such deprivation taking the form of an obligation legally binding him thereto. * * * but where the earner of the income does nothing more than transfer the income earned in his own right to another, even though such disposal be in advance of the earning thereof (*Burnet* v. *Leininger* and *Lucas* v. *Earl, supra*), or where he retains any power of control over the income earning property or the income therefrom (*Corliss* v. *Bowers*, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916, and analogous as to transfer tax *Chase Nat. Bank* v. *U. S.*, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, and as to State succession tax, *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565), such income is taxable to him within the intent of the statute (*Burnet* v. *Leininger*, *Lucas* v. *Earl* and *Corliss* v. *Bowers*, supra).

* * * It may be true that income already entirely earned is transferable as a species of property, but that has no effect upon the power and intention of Congress to tax income to the earner. The earner may, in a legally binding way, dispose of his earnings, whether they are already earned or are to be earned, without affecting in the slightest manner his status as earner thereof and his resulting liability for taxation thereon as income.

In the case of *Bing* v. *Bowers, supra*, the court said:

To permit the assignor of future income from his own property to escape taxation thereon by a gift grant in advance of the receipt by him of such income would by indirection enlarge the limited class of deductions established by statute. As long as he remains the owner of the property, the income therefrom should be taxable to him as fully, when he grants it as a gift in advance of its receipt, as it clearly is despite a gift thereof immediately after its receipt.

The *Ward* case, *supra*, affirming 22 B. T. A. 352, supports the proposition that the owner of income producing property is chargeable, for tax purposes, with the income therefrom even though he may have transferred such income by gift or other assignment to another. The court, in the *Ward* case, quoted with approval from *Rosenwald* v. *Commissioner* (C. C. A., 7th Cir.), 33 Fed. (2d) 423, 426, as follows:

"Petitioner's chief contention is that there was a completed gift, and that petitioner never received the income.

"It is doubtful whether a holder of securities may separate the income thereafter to accrue from the principal, and make a gift by way of assignment of the income, without assigning or trusteeing the thing out of which the income

arises, where the effect would be to relieve the donor from a tax he would otherwise be required to pay."

The court, in the *Ward* case, further said:

Numerous other cases also hold that assigned income is taxable to the assignor, unless the corpus producing the income is also assigned. See *Appeal of Fred W. Warner*, 5 B. T. A. 963, and *Irene McFadden Winder, Executrix*, v. *Commissioner*, 17 B. T. A. 303, and cases cited therein. See, also, *Porter* v. *United States* (Ct. Cl.), 52 Fed. (2d) 1056; *Bishop* v. *Commissioner* (C. C. A., 7), 54 Fed. (2d) 298.

Petitioner contends that he is not taxable on the items here involved for the reason that the coupons in question when severed and negotiated before maturity of the interest they represented became separate and independent instruments. Conceding that upon severance the coupons became separate and independent instruments, the fact remains that the proceeds of the coupons when collected constituted income derived from the bonds from which they were severed. It is stipulated that the ownership of the bonds remained at all times during the taxable years in petitioner.

The facts in the instant case clearly distinguish it from the case of *Rebekah C. Schoonmaker*, 39 B. T. A. 496. In the latter case the gift was of bonds with unmatured interest coupons attached. In other words, the gift in that case was of income producing property, the income from which for the taxable year had not at the time of the gift been received, either actually or constructively, by the donor, whose books and income tax returns were on the cash receipts and disbursements basis. We held in that case that the accrued but unmatured interest represented by the interest coupons was not includable as taxable income to the donor. In the instant case the income producing property was retained by the donor and only the accruing income therefrom in the taxable years was transferred as a gift to another prior to the time of its maturity.

We hold that petitioner is chargeable with income, for tax purposes, in the full amounts collected from the coupons in question in the respective years 1934 and 1935. However, respondent based his determination of deficiency for the year 1935 on the addition to petitioner's income in such year of only $22,360, instead of $25,495, the amount actually collected from the coupons in that year, and has not asked for an increased deficiency. Accordingly, we approve the respondent's determinations.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

BLACK, dissenting: When negotiable coupons attached to coupon bonds are detached it seems to me they become separate and distinct

property from the bonds and are subject to be sold separately or to be the subject of a completed gift, *inter vivos*. If a gift of such detached coupons is made by the owner prior to their maturity there would be no realization of income thereby to the donor. Cf. *Rebekah C. Schoomaker*, 39 B. T. A. 496. There would likewise be no income to the donee by reason of the gift itself. See section 22 (b) (3) of the Revenue Act of 1934, which reads:

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*       \*       \*       \*       \*       \*       \*

(3) GIFTS, BEQUESTS, AND DEVICES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

However, when the coupons matured in the hands of the donee and he collected them the amount collected was income to him as interest. See section 22 (a) of the Revenue Act of 1934. The entire amount collected, even if it be not proper to call all of it interest, would be income to the donee, if the coupons had no cost basis to the donor, as indeed in most cases they would not have unless the donor purchased the bonds with some accrued but unmatured interest coupons attached. The donee has the same basis of cost as the donor. See section 113 (a) (2) of the Revenue Act of 1934.

The findings of fact in the majority opinion show that in each of the taxable years Robert P. K. Horst, the donee of the unmatured coupons, collected the interest due thereon when it matured and returned the entire amount for taxation in the year the interest was collected. This, I think, was proper because the coupons had no cost basis to the donor and hence none to the donee.

I think the court was right in holding in *Rosenwald* v. *Commissioner*, 33 Fed. (2d) 423, that Rosenwald's delivery to a charitable fund of negotiable Third Liberty Loan bond coupons before their maturity constituted a completed gift and the interest thereafter collected by the charitable fund from such bond coupons was not income to the donor. The evidence upon which the court based its decision in the *Rosenwald* case as to the Liberty bond coupons is stated in the court's opinion as follows: "There is evidence that petitioner clipped and delivered to the fund, before their maturity, interest coupons from Third Liberty Loan Bonds."

The facts in the instant case seem clearly to bring it within the rule announced by the court in the *Rosenwald* case. I, therefore, respectfully dissent from the majority opinion.

LEECH and DISNEY agree with this dissent.