ANNIE A. COLBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104367. Promulgated October 31, 1941.

*Allan H. W. Higgins, Esq.*, and *Charles D. Post, Esq.*, for the petitioner.

*T. G. Histon, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $6,363.26 in income tax for 1935. The issue for decision is whether interest of $24,176.39 is taxable to the petitioner in 1935 when she made a gift of the right to receive that much accrued interest. The Board adopts as its findings of fact the facts as stipulated by the parties.

The petitioner is an individual who filed her return with the collector in Massachusetts. She used the cash receipts method of reporting her income. She had owned since 1932 a note and mortgage executed by Frances E. O'Brien. The amount of the unpaid principal of the indebtedness was $130,000 on December 30, 1935, and there was at that time interest thereon accrued and unpaid in the amount of $24,176.39, consisting of the following:

| | |
|---|---|
| Interest due and payable prior to 1/1/35 | $16,033.34 |
| Interest due and payable on 3/29/35 | 3,250.00 |
| Interest due and payable on 9/29/35 | 3,250.00 |
| Interest accrued from 9/29 to 12/30/35 | 1,643.05 |

No interest had been paid on the indebtedness while it was owned by the petitioner. The petitioner, on December 30, 1935, assigned the note and mortgage, with all rights to interest, to a trust for the benefit of her children. The trustee collected the $24,176.39 of interest, $18,000 in 1936 and the balance of $6,176.39 in 1937. The petitioner reported the interest as a part of her 1935 gifts but did not report any part of it as income. The Commissioner included the $24,176.39 in her income for 1935.

No contention is made that any of this interest was taxable to the petitioner in 1935, independently of the gift, upon the theory that it was readily available to her, she deliberately avoided receiving it, and, therefore, she must be held to have constructively received it. The stipulated facts would not support any such contention.

The Commissioner attempts to justify his determination upon the ground that this case is controlled by *Helvering* v. *Horst*, 311 U. S. 112. He says the Supreme Court there in effect approved I. T. 3011, C. B. XV-2, p. 132, and laid down the principle that one who uses a cash receipts method of reporting income and makes a gift of his right to earned interest realizes the earned interest as income and becomes taxable upon that income by reason of and at the time of the gift, even though the interest is not paid by the debtor or received by the donee until a later year. The facts in the *Horst* case did not present that kind of a situation and did not require the decision of that question. The gift and the collection of the interest in the *Horst* case occurred in the same taxable year. The Supreme Court decided that,

where both of those events occur in the same year, the interest is taxable in that year to the donor on a cash receipts basis.

The Court pointed out that the taxable event under section 22 (a), for one using a cash receipts method, is the realization of the income which he owns; realization is ordinarily the actual receipt of the income in cash or property, but it may occur in other ways; realization occurs when the last step is taken by which the owner of the right to receive income obtains the fruition of the economic gain which has already accrued to him, as where he "diverts the payment from himself to others as the means of procuring the satisfaction of his wants"; Horst procured payment of the interest to his donee and thus realized income which was taxable to him under section 22 (a). The Court, in the course of its opinion, said:

> Underlying the reasoning in these cases is the thought that income is "realized" by the assignor because he, who owns or controls the source of the income, also controls the disposition of that which he could have received himself and diverts the payment from himself to others as the means of procuring the satisfaction of his wants. The taxpayer has equally enjoyed the fruits of his labor or investment and obtained the satisfaction of his desires whether he collects and uses the income to procure those satisfactions, or whether he disposes of his right to collect it as the means of procuring them. Cf. *Burnet* v. *Wells, supra.*

The last sentence above quoted, and also several other sentences in the opinion, if separated from their context and from the facts in the case, might lead to the conclusion that the Court placed all of the emphasis upon the gift and held that realization occurred at the time of the gift, regardless of when the interest was actually collected. But it must be remembered that in the *Horst* case the interest was collected by the donee in the same year that the gift was made, and in the first sentence of the quoted portion of the opinion payment is mentioned. Likewise, at several other places in the opinion, the Court has coupled the gift and payment of the interest to the donee in reaching its conclusion that Horst realized his income in the years 1934 and 1935. For example, the final sentence of the opinion is as follows:

> * * * When, by the gift of the coupons, he has separated his right to interest payments from his investment and procured the payment of the interest to his donee, he has enjoyed the economic benefits of the income in the same manner and to the same extent as though the transfer were of earnings and in both cases the import of the statute is that the fruit is not to be attributed to a different tree from that on which it grew.

Since the Court has been careful to couple both the gift and payment, the opinion should not be read as if the gift alone were sufficient realization. Furthermore, there was taxed to Horst not only interest which had accrued up to the date of the gift, but interest which accrued thereafter. The Court later, in the recent case of *Harrison* v.

*Schaffner*, 312 U. S. 579, again drew attention to the importance of payment in these words:

\* \* \* But we think it quite another matter to say that the beneficiary of a trust who makes a single gift of a sum of money payable out of income of the trust does not realize income when the gift is effectuated by payment \* \* \*.

No case has been called to our attention where income is taxed to a donor prior to the time that it is actually received by or becomes available to the donee, while it has been held in many cases that income is taxable to the donor at the time that it is paid to the donee or for the benefit of the donor. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *Corliss* v. *Bowers*, 281 U. S. 376; *Lucas* v. *Earl*, 281 U. S. 111; *Burnet* v. *Leininger*, 285 U. S. 136; *Burnet* v. *Wells*, 289 U. S. 670; *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Clifford*, 309 U. S. 331; *Helvering* v. *Horst, supra; Helvering* v. *Eubank*, 311 U. S. 122; *Harrison* v. *Schaffner, supra.* The present case, involving interest which had been earned prior to the time of the gift, may present a stronger case than those above cited to support the argument of the Commissioner that the interest is taxable to the donor at the time of the gift, regardless of the date of collection. But the above cases have long established a general rule to which, so far as we know, there is no exception which would apply here. The interest would not have been taxable to the donor in 1935 if she had made no assignment, but would only have been taxable income to her when it was collected. The practical difficulties of waiting until the interest is actually collected in this case are no greater than those which were present in some of the cases above cited. We held in *Rebekah C. Schoonmaker*, 39 B. T. A. 496, petition for review dismissed, that a gift in trust for a grandson, of certain bonds upon which there was accrued but unmatured interest at the time of the transfer, did not make the undue interest income of the donor at the time of the gift. We do not regard the *Horst* case as authority in the present case, and, since none of the income was collected in the taxable year, none of it may be taxed to the grantor as income of that year. This conclusion makes it unnecessary to discuss another difference between this case and the *Horst* case, this difference being that here the petitioner assigned everything she had, both debt and interest, whereas, there, the coupon was separated from the debt and only the coupon was assigned.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

HILL dissents.